UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **JESSE JAMES,** )<br>)<br>    **Plaintiff,** )<br>)<br>    v. )<br>**MICHAEL J. ASTRUE,** )<br>**COMMISSIONER OF SOCIAL** )<br>**SECURITY ADMINISTRATION,** )<br>)<br>    **Defendant.** )<br>_____ ) | **Case No. CV 05-02982 AJW**<br><br><br><br>**ORDER GRANTING PETITION**<br>**FOR ATTORNEY'S FEES**<br>42 U.S.C. § 406(b) |

    Plaintiff's counsel Suzanne C. Leidner ("petitioner") has filed a petition for attorney's fees under 42 U.S.C. § 406(b) (the "Petition") in the total amount of fifteen thousand dollars ($15,000) for 36.25 hours of attorney's time. Defendant filed a response to the petition discussing the principles for determining a "reasonable" fee, but because he is not a party to the fee agreement between plaintiff and petitioner, he has not taken a formal position assenting or objecting to the fee petition. In his role "resembling that of a trustee" for plaintiff, defendant has analyzed petitioner's fee request and has not identified any factors that weigh against granting the requested fee.

### Proceedings

    On June 14, 2006, judgment was entered reversing and remanding this case for further administrative proceedings. On remand, plaintiff was awarded social security disability insurance benefits, including a past-due benefits award in the amount of $116,801. [Petition 2 & Ex. C]. Plaintiff's counsel subsequently was

awarded the stipulated sum of $4,500 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 24 U.S.C. § 2412(d).[1] [Order filed September 15, 2006].

**Discussion**

Section 406(b) provides, in part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). Thus, "a prevailing [disability] claimant's [attorney's] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 792 (2002). In Gisbrecht, the Supreme Court explained that where the plaintiff has entered into a contingent fee agreement with counsel, section 406(b) is meant "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." Gisbrecht, 535 U.S. at 793. The Supreme Court held that where the claimant and counsel had entered into a lawful contingent fee agreement, courts that used the "lodestar" method as the starting point to determine the reasonableness of fees requested under section 406(b) improperly "reject[ed] the primacy of lawful attorney-client fee agreements." Gisbrecht, 535 U.S. at 793.

While courts review fee agreements as an "independent check, to assure that they yield reasonable results in particular cases," lawful contingent-fee agreements are "*the primary means by which fees are set*" for the successful representation of social security disability claimants in court. Gisbrecht, 535 U.S. at 807

---

[1] In general, where attorney's fees are awarded under both the EAJA and section 406(b), the attorney must refund the smaller of the two awards to the claimant. See Gisbrecht v. Barnhart, 535 U.S.789, 796 (2002) (noting that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits).

(emphasis added); see Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) ("Gisbrecht held that the lodestar approach was inappropriate for evaluating a contingent-fee agreement under § 406(b). . . . As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, noted the Court, § 406(b) simply instructs a court to review the agreement for reasonableness.")(internal citations omitted). Gisbrecht provided some examples of instances in which a downward adjustment of the agreed contingent fee might be in order. Gisbrecht, 535 U.S. at 807-808. The Supreme Court left to the district courts, however, the task of how best to determine whether enforcement of a contingent fee agreement is reasonable in a particular case. See Gisbrecht, 535 U.S. at 808 ("Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review."); see also Ellick v. Barnhart, 445 F.Supp.2d 1166, 1168-1172 (C.D. Cal. 2006)(surveying all reported decisions to date applying Gisbrecht and noting a lack of uniformity in the district courts' approach to the reasonableness inquiry under Gisbrecht).

Plaintiff retained petitioner as his attorney to represent him in this action for review of defendant's decision denying his application for disability benefits. Plaintiff agreed to pay petitioner an amount equal to 25% of any past-due benefits awarded if plaintiff prevailed in this case. [Petition 2 & Ex. D]. Under Gisbrecht, the court examines plaintiff's contingent fee agreement with petitioner only to assure that the enforcement of that agreement is reasonable. See Thomas v. Barnhart, 412 F.Supp.2d 1240, 1244 (M.D. Ala. 2005) (observing that "the hurdle Gisbrecht erects for the claimant's attorney is rather low, and a change to the [fee] agreement is warranted at least, and perhaps at most, when justice requires"). The court may consider factors such as the character of the representation, the results achieved, the ratio between the amount of any benefits award and the time expended, any undue delay attributable to counsel that caused an accumulation of back benefits, and whether the requested fee award would constitute a "windfall" to the attorney. See Gisbrecht, 535 U.S. at 808; Mudd, 418 F.3d at 428; see also Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (awarding section 406(b) fees post-Gisbrecht where (1) counsel sought less than the maximum 25% contingent fee allowed by law; (2) counsel "faced a substantial risk of loss" because the plaintiff alleged a variety of impairments that "were not susceptible to clear and straightforward forms

of proof, and some of which involved lengthy and complicated medical histories"; (3) "Congress has indicated the permissibility, within limits, of rewarding attorneys for assuming the risk of going uncompensated for representing Social Security claimants"; (4) the value of the benefits award to the plaintiff was "substantially more than the past-due benefits on which the fee is based" because the plaintiff also received ongoing disability benefits; (5) counsel devoted "considerable time and careful attention" to the case; and (6) "[p]etitioner's challenge to the ALJ's determination at step five was central to the court's decision to remand the case to the Commissioner") (citations omitted).

In this case, several relevant factors weigh in favor of granting petitioner's fee request. First, petitioner obtained a highly favorable result for her client in the form of a remand for the payment of benefits, yielding a sizeable award of past-due benefits as well as ongoing disability insurance benefits. [Petition 2 & Ex. C].

Second, petitioner's requested section 406(b) fee of $15,000 is considerably below the maximum 25% contingent fee authorized by law and by petitioner's contingent fee agreement with her client. [See Petition 2 & Exs. C & D].

Third, this case carried with it the risk of loss inherent in social security disability contingent-fee cases. If petitioner had not succeeded in obtaining a decision in her client's favor, she would have recovered no fee. See Faircloth v. Barnhart, 398 F.Supp.2d 1169, 1173-74 (D.N.M. 2005)(noting that "a report from the Social Security Advisory Board reveals that a mere 35% of claimants who file at the United States District Court level will obtain benefits," and that Congress enacted section 406(b) to curtail "abusive practices of a few attorneys who charged successful claimants anywhere from one-third to one-half of the accrued benefits awarded" but "Congress also sought 'to ensure that attorneys representing successful claimants would not risk nonpayment of appropriate fees'")(quoting Gisbrecht, 535 U.S. at 804-805).

Fourth, there is no evidence in the record before the court, nor any suggestion by defendant, that petitioner unduly delayed the resolution of this case or engaged in any overreaching.

Fifth, petitioner spent 36.25 hours of attorney's time litigating this case in district court. [See Petition, Ex. F]. That figure that is within the norm for social security disability cases. See Patterson v. Apfel, 99 F. Supp.2d 1212, 1214 & n.2 (C.D. Cal. 2000) (collecting cases).

1    Finally, petitioner's contingent fee request would amount to an average de facto hourly rate of
2 $3418.80 ($15,000/36.25) for attorney's services. Following Gisbrecht, district courts "generally have been
3 deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto
4 hourly rates may exceed those for non contingency-fee arrangements." Hearn, 262 F. Supp. 2d at 1037-38
5 (collecting post-Gisbrecht section 406(b)cases awarding de facto hourly rates ranging from a low of about
6 $188 to a high of about $695, and approving a contingent fee that amounted to a de facto hourly rate of about
7 $450); see also Mudd, 418 F.3d at 428-429 (affirming a § 406(b) fee award of 25% of the claimant's past-
8 due benefits that produced a de facto hourly rate of about $737). As one district court explained, "any
9 reliance on a non-contingent rate without taking into account the contingent nature of this 42 U.S.C. § 406(b)
10 fee could undercompensate [the plaintiff's counsel]." Hearn, 262 F.Supp.2d at 1037. Bearing these
11 principles in mind, the effective hourly rate in this case is not so high as to represent an impermissible
12 "windfall" to petitioner.
13    Considering all of the Gisbrecht factors, enforcement of the fee agreement between petitioner and
14 plaintiff is reasonable, and petitioner's section 406(b) fee request should be granted.[2]

15 ///
16 ///
17 ///

---

[2] Petitioner requests an order awarding her a net sum of $10,500, which would reflect an offset for the $4,500 in EAJA fees she already has received. As defendant points out, the duty to refund to the claimant the amount of the EAJA or section 406(b) fee award, whichever is smaller, arises only after fees have been awarded under both provisions and their relative size can be compared. At that point, the duty to refund the smaller amount is triggered. The court declines to conflate those steps by awarding only the net fee under section 406(b).

1 **Conclusion**

2 For the reasons described above, petitioner is awarded attorney's fees under 42 U.S.C. § 406(b) in
3 the sum of **fifteen thousand dollars and no cents ($15,000).** Petitioner is directed to (1) mail a copy of
4 this order to plaintiff, and (2) refund to plaintiff the amount of the EAJA fees previously awarded within
5 fifteen days of petitioner's receipt of her section 406(b) attorney fees.

6 **IT IS SO ORDERED.**

8 DATED: August 12, 2008

 ANDREW J. WISTRICH
 UNITED STATES MAGISTRATE JUDGE